IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
Plaintiff, )
) CIVIL ACTION NUMBER
v. )
) 5:05-CV-675-BO(3)
THOMPSON CONTRACTING, )
GRADING, PAVING, AND UTILITIES, ) JURY TRIAL DEMAND
INC., )
)
)
Defendant.

FILED
SEP 28 2005

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion (Hebrew Israelite) and to provide appropriate relief to Garry Parker who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Thompson Contracting, Grading, Paving and Utilities, Inc. ("Defendant"), discriminated against Garry Parker by refusing to reasonably accommodate his sincerely held religious belief and discharging him because of his religion, Hebrew Israelite.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Raleigh Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Raleigh and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Garry Parker filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From approximately November 29, 2004 until February 15, 2005, Defendant engaged in unlawful employment practices at its Raleigh, N.C. facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by discriminating against Garry Parker because of his religion, Hebrew Israelite. Specifically, during this period, Mr. Parker informed Defendant that he holds a

sincere religious belief that he cannot work on Saturday, which is his Sabbath. Despite being so informed, Defendant refused to reasonably accommodate Mr. Parker's sincerely held religious belief that he cannot work on Saturday, suspended him, and ultimately discharged him when he refused to work on Saturdays.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Garry Parker of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion (Hebrew Israelite).

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Garry Parker.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from failing to reasonably accommodate the sincerely held religious beliefs of employees and engaging in any other employment practice which discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees regardless of their religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Garry Parker by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

    D.    Order Defendant to make whole Garry Parker by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

    E.    Order Defendant to make whole Garry Parker by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Garry Parker punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of September, 2005.

                            JAMES L. LEE
                            Deputy General Counsel

                            GWENDOLYN YOUNG REAMS
                            Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507


*Lynette A. Barnes* by Kerith Cohen w/ permission
LYNETTE A. BARNES
Acting Regional Attorney
Charlotte District Office
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
129 W. Trade Street, Suite 400
Charlotte, North Carolina 28202


*Kerith Cohen*
KERITH COHEN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone: 919.856.4148
Facsimile: 919.956.4156

5